152475 United States v. Joanne C. Rittall Ms. Haberlin Good morning. May it please the court, Carrie Haberlin for the defendant, Mr. Tao. Mr. Tao's sentencing was a difficult one. The parties and the district court judge struggled to recommend and devise a sentence that would reconcile her very serious tax and ID fraud, her criminal history, and her constellation of far-ranging health issues starting at A with anorexia, which was likely the cause of conditions B, C, D, through L, M, N, O, P all the way down to V with von Hippel-Lindau syndrome. Counsel, let me ask you, I want to be sure as to how we're reviewing this. Is this a plain error on each of the issues that you raised except as to issue number three? It is a plain error as to all procedural issues. This court has not decided whether an objection is necessary to preserve substantive reasonableness for review. That's your third issue. That's correct, yes, a plain error as to arguments one, two, and four. All right, thank you. You're welcome, Judge. Now, although attentive and thoughtful, I submit that the judge made several missteps in devising the 63-month low-end guideline term in this case. Barring questions as to my third argument and fourth argument, I intend to address the first two missteps identified in my brief today. That first misstep was a violation, I submit, of TAPIA and the Sentencing Reform Act, which prohibit a judge from imposing a prison term or lengthening one in order to promote a defendant's rehabilitation. So this judge never used the word rehabilitation. What is it he did that you say actually was based on rehabilitation as opposed to considering her medical condition, which the judge was quite appropriate in considering? Yes, of course, and that was the crux of the defense position. Please consider my medical condition. What the judge did was think about the fact that Ms. Fertel does better when hospitalized than she does when left to her own devices. He thought about this fact in deciding to impose the prison term despite his very bad prior experience with FMC Carswell, where she was thought to be heading and where she did head, and despite what he concluded was an irreducible risk of sending someone with anorexia to Carswell. Well, you're leaving out part of the story, aren't you? He also made it very plain that had it not been for her background, including her present conditions, he would have sentenced her to the maximum of the range. So you seem to be making the argument that even on the assumption that the sort of rehabilitation and treatment criterion covers the consideration of what she would receive at a given prison, even assuming that, your argument is that the judge may not even consider that in order to reduce the sentence, which is rather an odd position for, it seems to me, for a defense counsel to be taking. Well, it's not an argument that her medical condition or her need for hospitalization was used to heighten or lower the sentence. The prejudice that I am arguing about is the thought that she would be hospitalized and stabilized and the effect that that thought had on the judge's consideration of the condition precedent to imposing prison, which was Carswell's ability to treat her. So it is, I agree, not like Tapia or the circumstances faced by Your Honor in Willard-Narrow where the judge said, in effect, I'm giving you X sentence so you can complete Y program. But I don't believe that Tapia and the statutes in particular can be read so narrowly as to only prohibit such a statement, X months for Y program. I think they can be read much more broadly to prohibit a judge from considering, even in refusing to downwardly depart or vary from a sentence, the idea that the imprisonment, no matter its length, may fix the offender. You would agree, though, counsel, that if the panel decides that there's no error here as to your point one, that argument doesn't go very far. Well, certainly I have to establish plain error before we get to the question of substantial rights. Justice Souter suggested that, in some ways, this is a very odd position for a defense counsel to be taking. The implications of the rule you want, for the most part, would block judges from considering medical condition and treatment availability, both within the prison system and without. That strikes me as a very anti-defendant rule that you're asking us to adopt here. Judges are not absolutely forbidden from considering treatment options. This Court's cases say that a judge is encouraged to consider such options and even a likelihood of success in treatment in prison. A judge cannot rely upon the hope of success or the likelihood of success in deciding to impose prison ab indicio or in deciding to set a sentence. Back to Justice Souter's question about whether a consideration of rehabilitation heightens or lessens a sentence, I would point out that, Judge, your colleagues in the Tenth Circuit, in a case decided after a briefing was completed in this case, did face a similar question about whether a judge also commits tapia error in refusing to downwardly depart or vary. This is a case that's not in your briefs, but you want us to consider whether there is a mechanism to do that. I understand. I apologize, Your Honor. And I'm happy to do one after argument. Unfortunately, it came to my attention too late. It may have come to your attention too late, but when was it decided? It was decided January 20th of 2017. You've had a long time to have called that to our attention. You're correct, Your Honor. Yes. Do you think the Tenth Circuit was right? I do. I think it makes very much sense to say, as the Tenth Circuit did, that the same erroneous result is reached when a judge says, I'm not going to give you a lesser sentence because you need treatment, as opposed to, I'm going to give you a lengthier sentence because that's the amount of time you're going to need for treatment. You still have the need for treatment being considered in setting the sentence. Do you think the First Circuit would be very wide in following the Tenth Circuit in regards to that matter? Well, in regards to that, yes, I should say that the Tenth Circuit did decide that the error was not plain. So it was not a favorable result for the defendant in that case. What was the name of the case? It was United States v. Thornton. Thornton? Thornton, yes. In my final few minutes, I'd like to address the second argument raised in my brief. I'd like to say that the government is absolutely right, that the judge recognized that the guidelines in the range are advisory. He noted his authority under 3553 to impose a non-guideline sentence. The argument is more nuanced than that, perhaps not artfully stated. The judge, I submit, imported the 5H1 standard, that is a requirement that the physical or mental condition be unusual, extraordinary, into 3553's broader mandate to consider the defendant's history and characteristics even in the non-exceptional case. He imported that standard in addressing both a defense dual request for departure and variance based on the far-ranging constellation of health issues. A judge certainly has the choice to impose the 5H burden. Kimbrough teaches us that just as a judge can disagree with a guideline, he or she can agree with a guideline. I believe that viewing the guideline as the only choice is a violation of Booker, however. And in this case, there's no clear statement that the judge... I'm sorry, are you saying that the defendant did not urge the judge to make a downward departure? Yes, the defendant did. There was a request for a departure and a variance. In this case, it's sentencing the judge... And the government responded, well, there is a specific guideline on that. Yes. And did the defendant say, no, Your Honor, you can't look at that guideline? Absolutely not. There was no objection in this case, no. Again, we're on plain error here. And I would submit that from what the judge said, it's not clear that he understood he had a choice between 5H and a lesser burden under the broader mandate of 3553. Thank you. Thank you. I'm Margaret McGoy for the United States. If I may begin with the claim of tapia error, we do claim that it was unpreserved. We also claim that even if it had been preserved, the burden would be fairly high on the defendant. As I understand the Del Valle-Rodriguez case, it would be error only if the need for rehabilitation was the dominant factor or the driving force for an increase in sentence, but not if it is simply one of a mix of factors. As Judge Lynch pointed out, Judge Woodcock never mentioned the word rehabilitation in his sentencing analysis. He did mention the need for the defendant to receive adequate medical care. That is something the statute specifically required him to consider, and it is different from the statutory language relating to rehabilitation. The statute distinguishes the two of them. The basic assumption, as I understand the defendant's position, is that the judge has a starting point something less than the guideline range of 63 to 78 months, but decided to increase the sentence to the minimum guideline based on the defendant's medical condition. We see it as the absolute opposite, that what the judge said was that considering 11 factors that he specifically enumerated that had nothing to do with rehabilitation and had only to do with the crime and the way the defendant committed, that those 11 factors would lead the court unequivocally to impose the maximum guideline sentence, but that out of consideration of her medical conditions, the judge decided to depart. So we see the record as showing the exact opposite of what the defendant said. The 11 factors on which the court relied are all set forth in the brief. They have nothing to do with rehabilitation. They have to do with the fact that this was a $430,000 fraud that was committed over a period of five years against 25 victims, some of whom were fellow patients at Alcoholics Anonymous and drug treatment programs, that the defendant didn't stop until she was confronted. She didn't admit it until she was confronted with undeniable evidence of guilt. Those factors have nothing to do with rehabilitation. Now if I may turn to what is the related question, or two related questions, the refusal to depart downward based on her physical condition and also the overall reasonableness of the sentence. This court has repeatedly said that in reasonable analysis, court should give due deference to the superior coin advantage of the sentencing judge. And that is because that judge has a greater familiarity with the case and has a greater opportunity to see the participants firsthand. There were certain things about this case that make that standard of review especially appropriate. This is a case where the trial judge held seven pre-sentence conferences over the course of 11 months to consider what was the appropriate sentence for this defendant. Heard tremendous evidence about her medical needs, heard evidence and arguments about departures and variants. That was one thing. Second, in addition to all of the ordinary information that judges have, this judge considered 900 pages of medical records about this defendant's condition, some of which suggested that she was sabotaging her own condition to avoid going to prison. Third, the judge heard by videoconference testimony, the testimony of the clinical director of the Federal Bureau of Prisons Women's Hospital at Carswell, in which that official outlined in detail the resources that are available and the kinds of medical treatments that would be given to this defendant, particularly with respect to her anorexia, which is apparently the driving force for most of her other medical conditions. Finally, the court took 14 pages of transcript to explain why, even though this defendant had serious medical conditions that needed appropriate care, that the minimum guideline sentence of 63 months was appropriate. Now turning to the departure issue itself, I cited a 28-J letter of the United States v. Herman. Not all cases are identical, but Herman strikes the government as pretty close. This is a case involving a woman who was malnourished and was down to 75 pounds but had a series of other medical conditions and challenged the refusal to depart downward for that reason. This court found no abuse of discretion. If the court has other questions, I'd be happy to answer them. There was a mistake that was made. There were two counts to be served concurrently for the 63 months, but count one actually exceeded the statutory maximum for it. So does the case have to be remanded for correction of that error? No. There's nothing in the record to suggest that the judge would impose any other sentence. This is basically a clerical error, which the court could have corrected by means of Rule 35 if anybody had brought it to the court's attention, but everybody overlooked it. So it's not a remand issue. But still, I don't know whether that clerical error will have any collateral consequences. Why shouldn't we send it back to the district court even if we affirm and say correct the clerical error? Well, that is exactly what you should do, Judge Lynch. I mean, the record needs to be clear that it's 60 months on count one and a concurrent term of 63 months on count two. But that's all that needs to happen. Okay. Thank you. Thank you. Thank you.